UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. 3:13-CR-347-K |
| | § | Judge Kinkeade |
| JASON WYNN | § | |
| MARTIN CANTU | § | |

---

**DEFENDANTS' JOINT MOTION FOR CONTINUANCE OF TRIAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME DEFENDANTS, MARTIN CANTU AND JASON WYNN, by and through their undersigned attorneys, and files this JOINT MOTION FOR CONTINUANCE. In support of this motion, Defendants show this Honorable Court as follows, to-wit:

### I.    PROCEDURAL HISTORY

1.    On September 11, 2013 the Defendants, Wynn and Cantu (herein referred to collectively as "Defendants"), were indicted in a two count indictment. The Indictment alleges Defendants committed unlawful acts during the time period of May 2007 – October 2007. The two count indictment alleges violations of (1). Conspiracy to Commit Securities Fraud (18 U.S.C. § 371 [15 U.S.C. §§ 78j(b) and 78ff]) and (2). Securities Fraud; Aiding and Abetting (15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, 18 U.S.C. § 2)

2.      On February 27th, 2014, Jason Wynn filed a "Motion to Continue and Designation as a Complex Case" in which Martin Cantu joined.  The government was unopposed to Defendants' motion.  On March 7th, 2014, the Court granted the Defendants' motion, in its entirety, continuing the trial date and designating the case as "complex."  This case is currently set for trial on June 16, 2014. Defendants and their Counsel, respectively, request a continuance of the trial in this matter.

## II.    GROUNDS FOR MOTION

3.      Counsel requests a continuance so that Counsel may have additional time to research legal and factual issues, to discuss the discovery with Defendant, and to prepare a complete and thorough defense.  As evidenced by motions filed by both Counsels for the Defendants and Counsel for the government, both sides agree that the discovery related to the case is voluminous.   On November 22nd, 2013, the government filed a "Motion for Protective Order" stating, in part,  "The government hereby represents that the discovery in this case, whose production has already begun, will be voluminous and consist of thousands, if not tens of thousands of pages."

The "Motion to Designate the Case as Complex", filed by Defendants and unopposed by the government, also illustrates that the discovery related to the case is voluminous, expansive and extremely detail oriented.  Additionally, the two most recent waves of discovery were provided to Defendants and Counsel after the Court's order designating the case as complex. Those two productions of documents were postmarked March 24th, 2014 and April 24th, 2014 respectively and, collectively, contain tens of thousands of pages.

4. Counsel for the Defendant requires additional time to undertake an investigation sufficient to meet the standards of the Defendant's Sixth Amendment right to effective representation of counsel and his Fifth Amendment right to Due Process in the undertaking of an adequate defense. Counsel acknowledges that the Assistant United States Attorneys assigned to the case have communicated they have provided the entirety of the discovery and, except for materials that may be requested by Defendants in the future, do not anticipate any additional waves of discovery.

5. Further, there are investigative issues related to the factual underpinnings that Counsel fully anticipates will be necessary and have not yet been completed. Counsel represents to the Court that much of the investigative tasks have not yet been completed because, despite diligent and consistent efforts, Counsel has not yet been able to completely review, organize, process, document, and catalogue the voluminous material contained in the multiple productions of discovery produced by the government. As a result, Counsel has been unable to fully appreciate and investigate the specific facts, and complete the necessary tasks that will undoubtedly arise following a complete reading of the relevant materials relating to this case.

6. Counsel for Defendants has no reason to believe that the government has not provided Defendants with a complete sampling of the discovery previously available to the AUSAs. However, Counsel strongly anticipates that following a complete review of the previously provided discovery, Counsel will request from the government additional documents and files that are in the sole possession of the government and otherwise undiscoverable to Defendants by normal and reasonable efforts.

Further, at the present time, Counsel believes other documents and files relevant to this case exist and, if not already produced, will be discoverable by Defendants. But, because Counsel is still diligently working to fully read the expansive discovery, Counsel is unable, at the present time, to (1) have a complete understanding as to what has already been produced by the government and (2) accurately pinpoint the material that is necessary for counsel to request from the government based on Counsels' belief that additional material is discoverable but not yet provided.

Additionally, Counsel will undoubtedly be tasked with serving subpoenas on, and organizing the presence of, a considerable number of very important witnesses. The witnesses likely will include a number of professionally employed business men and women, experts, and lay witnesses that are domiciled outside of Dallas, Texas. However, for the reasons stated above, Counsel is not prepared, at the present time, to accurately represent to the court or the prosecutors whom the witnesses may be. Counsel will not be in a position to disclose an accurate list of individuals prior to completing the analysis of the full discovery relevant to this case.

7. If this Honorable Court grants this Motion for Continuance, on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, Defendant and his counsel, understand that this would toll the speedy trial provisions of Title 18 § 3161. Defendants will file signed waivers of their rights to a speedy trial in support of this Motion to Continue.

8. Defendants' Counsel, collectively, represent to the Court that this continuance is not sought for the purpose of unnecessary delay, but rather that justice be done.

WHEREFORE, PREMISES CONSIDERED, Defendants request that this Motion for Continuance be granted and that the trial in this cause be reset to a date not sooner than two-hundred seventy (270) days from its current setting.  Defendants request the Continuance be granted and the trial set on the Court's docket no sooner than the stated length of time based on all the reasons set forth above.  Additionally, Counsel for Defendants, collectively, believe to the extent currently possible, that the amount of time requested is necessary for Counsel to gain a complete understanding of the relevant material and thoroughly investigate the legal and factual issues.  Counsel believes a lengthy continuance is imperative for Counsel to be able to provide effective assistance to Defendants.

|  |  |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| BY:  /s/ Chris Knox<br>CHRISTOPHER KNOX<br>State Bar No. 24065567<br>900 Jackson Street<br>Suite Number 650<br>Dallas, Texas 75202<br>214-741-7474<br>214-747-7711 (Fax)<br>chrisknox@knoxcriminaldefense.com<br>**Attorney for Defendant Cantu** | BY:  /s/ Joe Shearin<br>JOE SHEARIN<br>State Bar No. 18172300<br>2515 McKinney Avenue<br>Suite Number 1400<br>Dallas, Texas 75201<br>214-267-1000<br>214-237-0901 (Fax)<br>joeshearin@shearinlaw.net<br>**Attorney for Defendant Wynn** |

## CERTIFICATE OF CONFERENCE

Counsel for Defendant spoke with Assistant United States Attorney Philip Meitl regarding this Motion, and he is UNOPPOSED to the granting of Defendants' request for continuance but OPPOSED to the length of time requested in Defendants' Motion.


/s/   Christopher Knox                                                               /s/  Joe Shearin
CHRISTOPHER KNOX                                                          JOE SHEARIN


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice was filed electronically with the Clerk of the United States District Court for the Northern District of Texas using the CM/ECF system, which will send notification of such filing to Philip Meitl and Nick Bunch, Assistant United States Attorneys, via the court's electronic system, and to all other counsel on this 21st day of September, 2014.


/s/ Christopher Knox                                                                 /s/ Joe Shearin
CHRISTOPHER KNOX                                                          JOE SHEARIN